## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LIBERTY SURPLUS INSURANCE COMPANIES, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-07-0706 |
| SLICK WILLIES OF AMERICA, INC., *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

John Randy Jacobs sued Slick Willies Hollister Pointe, Inc., one of the defendants in this insurance coverage case, in state court, asserting dram shop claims. Jacobs alleges that he received a judgment in the state court in June 2007 but that Slick Willies's insurer, Liberty Surplus Insurance Companies, refused to pay. Jacobs moves to intervene in this coverage case under Rule 24(a) of the Federal Rules of Civil Procedure, asserting that he has a direct, substantial, and legally protectable interest in this case and that his interest may as a practical matter be impaired or impeded if he does not intervene and is not adequately represented by existing parties. Jacobs asserts that the claims in this coverage case and in his proposed intervention raise common questions of law or fact and that allowing him to intervene will not delay this case or prejudice the rights of those already parties. (Docket Entry No. 37). Liberty Mutual opposes the motion to intervene on the basis that Jacobs did not comply with Rule 24(c), which requires that a motion to intervene "be accompanied by a pleading setting

forth the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c).  Jacobs did not submit a proposed complaint in intervention.

Federal Rule of Procedure 24(a) provides that a nonparty may intervene in litigation as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2).  Courts have construed Rule 24(a) to require a party attempting to intervene to establish:  (1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court." *Providence Baptist Church v. Hillandale Comm., Ltd*., 425 F.3d 309, 315 (6th Cir.2005).  One who seeks to intervene must serve a motion stating the grounds for intervention and accompanied by a pleading setting forth the claim or defense for which intervention is sought.  FED. R. CIV. P. 24(c).

The circuits appear to be split in their approach to enforcement of Rule 24(c), with a majority favoring a permissive interpretation of the rule.  At least five circuits have taken a lenient approach.  The Fifth Circuit has permitted intervention even in the absence of a motion to intervene, citing Federal Rule of Civil Procedure 8(e)(1) ("[n]o technical forms of pleadings or motions are required") and Rule 8(f) ("[a]ll pleadings shall be so construed as to do substantial justice").  *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1074 (5th Cir.1980).

The D.C. Circuit has explained that "'procedural defects in connection with intervention motions should generally be excused by a court.'" *Mass. v. Microsoft Corp.*, 373 F.3d 1199, n. 19 (D.C.Cir.2004) (quoting *McCarthy v. Kleindienst*, 741 F.2d 1406, 1416 (D.C.Cir.1984)).   The Eleventh Circuit has similarly suggested that "inconsequential" procedural noncompliance with the requirements of Rule 24 should be excused.  *Piambino v. Bailey,* 757 F.2d 1112, 1121 (11th Cir.1985).  The Fourth Circuit has held that "the proper approach [to Rule 24(c) ] is to disregard non-prejudicial technical defects."  *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir.1980).  The Sixth Circuit reversed a district court's denial of intervention based on a failure to comply with Rule 24(c) as inconsistent with the "jurisprudence of a majority of the Circuits, which favor a permissive approach, or with the rationale applied by other circuits to approve strict enforcement of Rule 24(c) in some circumstances (e.g. where the parties are not on notice as to the grounds asserted for intervention, or there is some other prejudice to the parties)."  *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005).

The First, Second, and Seventh Circuits have taken a stricter approach to Rule 24(c). *See Public Service Co. of New Hampshire v. Patch*, 136 F.3d 197, 205, n. 6 (1st Cir.1998) (failure to accompany motion to intervene with a pleading setting forth a claim or defense "ordinarily would warrant dismissal" of the motion); *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2nd Cir.1968) ("appellant's reference in his motion papers to the allegations of the original complaint was insufficient to comply with the requirements of Rule 24(c)"); *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir.1987) ("Federal Rule of Civil Procedure 24(c)

3

is unambiguous in defining the procedure for an intervenor" and requires a pleading to accompany the motion to intervene).  However, the Seventh Circuit in *Shevlin* emphasized that a court may excuse a nonprejudicial failure to comply with the requirements of Rule 24(c), but saw no reason to do so in that case, because the attempted intervenor not only did not timely file a pleading, but in fact did not at any time offer the requisite pleading. *Id*.

In the present case, the motion to intervene that Jacobs filed does put the parties on notice of his grounds for intervention.  The motion is timely filed.  Liberty Insurance does not contend that it would be prejudiced by the intervention.  The failure to comply with Rule 24(c) is not a sufficient basis to deny the motion to intervene.

The motion to intervene is granted.  Jacobs is ordered to file his complaint no later than September 7, 2007.

SIGNED on August 15, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

4